Opinion for the court filed by Circuit Judge PROST. Dissenting opinion filed by Circuit Judge NEWMAN.
PROST, Circuit Judge.
Construction Equipment Company (“CEC”) appeals from reexamination proceedings in which the United States Patent and Trademark Office (“PTO”) rejected numerous claims sought by CEC. Ex parte Constr. Equip. Co., No. 2009-5265, 2009 WL 2807871 (B.P.A.I.2009) (“BPAI Op.”), reh’g denied, 2010 WL 2157846 (B.P.A.I. May 28, 2010) {“Reh’g Denial ”). Because we agree with the PTO’s conclusion that the claims at issue were obvious over the prior art, we affirm.
I
CEC is the owner of U.S. Patent No. 5,234,564 (“'564 patent”). The '564 patent is entitled “Mobile Screen Assembly for Rubble and Debris,” and is directed to a vehicle for screening rocks and plant mat *1255 ter (among other things) based on size from, for example, soil or dirt at a construction site.
[[Image here]]
'564 patent fig.l. Material to be sorted is placed in the hopper 30. It is carried up by transport conveyor 26 and dropped onto screen assembly 90, which sifts it. Sorted material either descends down chute 120, or is carried away by conveyors 130 or 168, according to where in the sifting process the sorted material left the main stream.
The proceedings at issue began in January 2007 when the PTO received a request for ex parte reexamination of the '564 patent.[1] The requestor sought reexamination of claims 1, 2, and 5-8, alleging that they were unpatentable. Upon finding that the request raised a substantial new question of patentability concerning those claims, the PTO began reexamination proceedings.
CEC made various amendments and added claims. This appeal concerns claims 1, 2, 5-10, 13, 14, 19, and 20, as amended. By the end of reexamination in October 2007, all these claims stood rejected by the Examiner as obvious under 35 U.S.C. § 103 in view of the various references cited in the reexamination request. CEC appealed to the Board of Patent Appeals and Interferences, which generally affirmed the Examiner’s rejections. BPAI Op. CEC sought rehearing, which the Board denied. Reh’g Denial. CEC timely appealed to this court. We have jurisdiction over the Board’s decisions under 28 U.S.C. § 1295(a)(4)(A).
II
This court reviews the Board’s factual findings for substantial evidence and its legal determinations de novo. 5 U.S.C. § 706(2)(E); In re Gartside, 203 F.3d 1305, 1316 (Fed.Cir.2000). The determination of what a reference teaches is one of fact, as is the existence of a reason for a person of ordinary skill to combine references. Rapoport v. Dement, 254 F.3d 1053, 1060 (Fed.Cir.2001); see also Gartside, 203 F.3d at 1316.
Applying that standard here, we see error of neither fact nor law in the Board’s analysis of these claims’ patentability. Reviewing the record prior art, we agree with the Board that every limitation of each claim on appeal is found in one or *1256 another of the available references. We further agree one of ordinary skill in the art would have been able to combine the available references in such a way as to practice the alleged invention of each claim. And we agree that such a person would have had a reason to make such combinations, for the reasons set forth by the Board and by the Examiner.
As CEC itself admits, the basic concepts of sifting and sorting material are not new. Neither are the concepts of carrying material via conveyors, or of positioning the sorting machine on a trailer, as the '564 patent does. CEC’s alleged invention consists entirely of combining known elements into a machine that, while possibly new, was nevertheless obvious and therefore unpatentable.[2] We find the Board’s opinion supported by substantial evidence and without legal error.[3] The opinion of the Board therefore stands affirmed.
AFFIRMED

. CEC claims that the request was initiated by a company called Powerscreen International Distribution Ltd. ("Powerscreen”). CEC had asserted the '564 patent against Powerscreen in the late 1990s and obtained an injunction against further infringement. Constr. Equip. Co. v. Powerscreen Int’l Distrib. Ltd., 45 U.S.P.Q.2d 1206 (D.Or.1997), aff'd without op., 243 F.3d 559 (Fed.Cir.2000). According to CEC, that injunction remains in effect.

. In its briefing and at oral argument, CEC stated its intention, should this court affirm the Board opinion, to oppose any attempt Powerscreen might make to have its injunction against practicing the '564 patent lifted by the district court. CEC suggested that because Powerscreen had a full and fair opportunity to litigate the '564 patent's validity, it should be estopped from seeking to avoid the injunction irrespective of that patent's fate in reexamination. We express no opinion on whether Powerscreen might or might not be entitled to seek abrogation of the injunction.

. We are unpersuaded by the dissent’s contention that this court should hold the reexamination proceedings in this case unconstitutional, or barred by considerations of res judicata or issue preclusion. This is so for three reasons. First, the notion that the reexamination was ipso facto unlawful was neither briefed nor argued by any party, at any stage of this case. The appellate courts of the federal judiciary have a well-established practice of declining to take up arguments not timely made by the parties. Singleton v. Wulff, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); Boggs v. West, 188 F.3d 1335, 1337-38 (Fed.Cir.1999). "This [rule] is essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues ...; it is equally essential in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence.” Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). In this case neither CEC nor, crucially, the PTO has had an opportunity to submit evidence or argument addressing the concerns laid out in the dissent. To upset, as the dissent proposes, the entire reexamination proceeding on the strength of argumerits not previously contemplated by the parties seems to us an indiscreet application of judicial power.
Second, we disagree that either constitutional principles or the common-law doctrines of claim or issue preclusion would bar reexamination of the '564 patent. In re Swanson, 540 F.3d 1368 (Fed.Cir.2008), is highly instructive.
In that case, we found no error in the PTO’s holding that reexamination could be instituted on the strength of a reference that the requesting party had unsuccessfully asserted as prior art in litigation involving the same patent, even where this court had affirmed the district court's judgment of validity. Id. at 1379. Swanson included detailed discussion of the reexamination statutes and legislative history thereof. Id. at 1376-77. It specifically noted that the district court's judgment, which this court affirmed, was not incompatible with the Examiner's rejection of claims on reexamination. The reason was that the district court's judgment was not that the patent was valid per se, but that the accused infringer had failed to carry his burden to prove it invalid. Id. at 1379; see also Stevenson v. Sears Roebuck & Co., 713 F.2d 705, 710 (Fed.Cir.1983) (holding that, for this reason, issue preclusion is generally not applicable in patent validity judgments). There was therefore no contradiction between the affirmed litigation judgment and the Examiner’s rejection during reexamination.
On the thin record before us, we see no reason why Swanson would not control this case. In both cases, the reexamination was initiated by a party that had previously failed to prove the patent invalid in litigation. We also note that, in this case, the reexamination involved numerous references, combinations, *1257 and even claims not treated by the district court. Compare Constr. Equip. Co. v. Powerscreen Int'l Distrib. Ltd., No. 96-1574, slip op. (D. Or. June 11, 1998) (reviewing novelty and nonobviousness of seven claims over three references) J.A. 97 with BPAI Op. (affirming rejection for obviousness of twelve claims over various combinations of seven references, two of which were considered in the Powerscreen litigation). Thus, even if we were to depart from this court’s prior holdings concerning waiver, we do not think we would take up the dissent’s invitation to find the reexamination proceeding improper.
Finally, the dissent’s suggestion that a finding that a patent is not invalid in one proceeding against one party would bar any other validity challenge would be a dramatic expansion of the concept of non-mutual offensive collateral estoppel. We decline to adopt a rule for patent cases that is inconsistent with all other governing law regarding collateral estoppel.